# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16CR2331 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JORGE ARMANDO HERNANDEZ-GONZALEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to reveal confidential source filed by Defendant Jorge Armando Hernandez-Gonzalez (ECF No. 39-4).

## BACKGROUND FACTS[1]

In late May 2016, government agents began investigating the Defendant after an FBI undercover agent/officer ("UC")[2] received a cellular phone number the government claimed belonged to the Defendant. The UC and a Confidential Source ("CS") began calling the number to set up a drug buy. There was no recording of the initial call.

On July 7, 2016, Defendant allegedly met with the CS at a location in which the Defendant allegedly showed the CS something that looked like methamphetamine.

On July 26, 2016, Defendant allegedly met with the CS at a location in which

---

[1] The facts are taken from the pleadings submitted by the parties.

[2] The Government represented at the hearing that the FBI undercover agent/officer will testify at trial and that the Government will comply with its obligations to disclose information. The Court addresses only the disclose of the identity and potential impeachment information with respect to the CS.

Defendant allegedly showed the CS some white powder. The CS never bought, tried, sampled or preserved any of these alleged drugs.

Subsequently, during recorded and unrecorded calls between Defendant and the UC, Defendant stated that he was ready with six kilograms of cocaine.

On September 15, 2016, Defendant agreed to meet the UC at Plaza Bonita. During the recorded meeting, Defendant told the UC that the cocaine was in the area and could be delivered to a nearby stash house. Defendant and the UC walked to a black BMW that was parked nearby. The UC approached the passenger side of the black BMW. Defendant allegedly showed the UC a package containing a white substance inside in a dark backpack. The black BMW left the meeting. Defendant left the meeting in a blue Hyundai Sonata. On the way to the stash house, both the black BMW and the blue Hyundai Sonata began conducting counter-surveillance maneuvers. Officers lost sight of the two cars for a few minutes. Both cars were spotted and stopped. Both cars were searched. The dark backpack was not found. The agents arrested Defendant.

On October 12, 2016, the grand jury returned an indictment charging that on September 15, 2016 Defendant conspired to distribute cocaine in violation of 21 U.S.C. § 841(a) and 846.

**CONTENTIONS OF THE PARTIES**

Defendant contends that the Court should order the disclosure of all potential impeachment information with respect to any informant or witness named in the discovery. Defendant asserts that the CS has information necessary for the defense to assess the strength and weaknesses of the contemplate entrapment and sentencing entrapment defenses. Defendant asserts that it is necessary for the court to order disclosure of the identity of the CS to obtain "evidence of whether government agents initially suggested the criminal activity, and the nature of the government's inducement or persuasion." (ECF No. 46 at 7).

The Government contends that the Defendant has failed to carry his burden of showing the need to reveal the identity of the CS. The Government asserts that the charge in this case is not based upon any prior transaction with the confidential source. The Government asserts that the interaction of Defendant with the CS took place months before the charged events. The Government contends that Defendant has not come forward with any facts which would indicate the disclosure of the identity of the confidential source is essential to a fair determination of his case.

## RULING OF THE COURT

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court addressed law-enforcement objectives served by not disclosing the identity of a confidential source. The Court directed the court to "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. at 62.

In *United States v. Johnson*, 886 F.2d 1120 (9th Cir. 1989), the confidential informant was given marked bait money, and driven by a police officer to residence where the confidential informant purchased cocaine. Later in the day, the officers executed a search warrant for the residence and a Chevrolet Nova. Cocaine was found inside the house. A search of the defendant revealed one of the marked bills and a search of the Chevrolet Nova revealed two marked bills. Defendant was charged with conspiracy to possess with intent to distribute cocaine. The district court refused to suppress the marked bills found in the car and refused to require the government to reveal the identity of the confidential informant. On appeal, the defendant argued that disclosure of the informant "would have given him the opportunity to elicit evidence that he did not receive the marked bills or that there was some other explanation for

1 possessing them." *Id.* at 1122. The Court of Appeals determined that the district court did not abuse its discretion in denying disclosure of the informant's identity. The Court determined that "[t]he government did not charge [the defendant] based on the transaction with the informant" and concluded that the defendant failed to meet his burden to demonstrate a need for the information. *Id.*

The limited privilege of the Government to withhold the identity of a confidential informant "must give way where the disclosure of the identity or contents of a communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *U.S. v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990) (internal quotations omitted). "The burden is on the defendant to demonstrate the need for disclosure. The mere suspicion that information will prove helpful is insufficient to require disclosure." *Johnson*, 886 F.3d at 1122 (internal citations omitted). In this case, the facts represented by the parties demonstrate phone contacts and meetings between the CS and the Defendant prior to July 26, 2016. There are no facts to demonstrate any connection between the CS and any events after July 26, 2016. Defendant has not come forward with any facts connecting the confidential source to the events of September 15, 2016. Defendant's suspicion that the CS can provide evidence helpful to prove an defense of entrapment is not supported by any facts demonstrating a need for disclosure.

IT IS HEREBY ORDERED that motion to reveal confidential source filed by Defendant Jorge Hernandez-Gonzalez (ECF No. 39-4) is denied.

DATED: April 10, 2017

**WILLIAM Q. HAYES**
United States District Judge